```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/20/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                               :
SOPHIE THEALLET, and SOFIA T. INC.,    :
                                               :
                                      Plaintiffs,   :               1:20-cv-02212-GHW
                                               :
                          -v -                              :                    ORDER
                                               :
H&M HENNES AND MAURITZ, L.P., and H&M : 
HENNES & MAURITZ GBC AB,                 :
                                               :
                                       Defendants.   :
                                                 :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On July 8, 2020, the Court held a telephonic hearing regarding Defendants' motion for summary judgment. On July 14, 2020, Defendants moved to seal one specific aspect of the transcript of the hearing.[1] Dkt. No. 90. Defendants seek to redact the dollar amount of Defendants' profits from sales of the allegedly infringing garments, which Plaintiffs' counsel divulged during the hearing. Dkt. No. 90-1 at 33:11. Plaintiffs do not oppose the motion. For the reasons that follow, Defendants' motion to seal is granted.

      There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of*

---

[1] While the figure was already disclosed in open court, that does not itself prevent sealing the transcript. *See, e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-mc-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (granting motion to seal portions of transcript of proceedings that occurred in open courtroom). In *Pullman v. Alpha Media Pub., Inc.*, No. 12-cv-1924 (PAC) (SN), 2014 WL 5044224, at *1–3 (S.D.N.Y. Sept. 23, 2014), the court adopted the magistrate judge's recommendation to grant a motion to redact a settlement amount from a court transcript, even though it was in the public record. The Court noted that it was not Defendants' fault that the settlement figure was published and considered that the extent of public disclosure had been limited. The same is true here. Plaintiffs' counsel divulged Defendants' sales figure in a public setting. However, any public access was limited to any members of the public who dialed into the teleconference, of which the Court is aware of none. There is no indication the figure has been published.

*Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–621 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Therefore, motions to seal documents must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted) (quoting *In re Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

The Second Circuit recently summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document" – "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d at 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the

judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

First, the presumption of access attaches to the transcript. *See Kairam v. W. Side GI, LLC*, No. 18-cv-01005 (AT) (SDA), 2018 WL 6712723, at *1 (S.D.N.Y. Nov. 29, 2018) ("The presumptive First Amendment right of public access to judicial proceedings encompasses 'civil trials and . . . their related proceedings and records.'") (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2011)). However, the weight of the presumption here is extremely weak. The figure was raised in the context of settlement discussions; it played no role in my summary judgment decision and was not even related to the summary judgment proceedings. Step three requires the Court to consider the countervailing interests that weigh against public disclosure. Defendants assert that the profit figure "was calculated using confidential financial information that H&M produced in discovery" and that disclosure "would provide insight into H&M's confidential business operations and could cause competitive harm to H&M." Dkt. No. 90 at 1. The risk of competitive harm from the disclosure of this profit information warrants sealing in this case. *See, e.g., Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10-cv-6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) ("The parties may file the following documents under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm.").

Therefore, Defendants' motion to seal is GRANTED. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 90.

SO ORDERED.

Dated: July 20, 2020

_____
GREGORY H. WOODS
United States District Judge